IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION NO. H-16-253-3 |
| v. | § | |
| | § | CIVIL ACTION NO. H-19-3904 |
| LARODERICK MARTIN | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is defendant's *pro se* motion to vacate, set aside, or correct his sentence under section 2255. (Docket Entry No. 204.) The Government filed a motion to dismiss, arguing that defendant's motion is barred by the collateral waiver in his plea agreement and, in the alternative, is without merit. (Docket Entry No. 213.) Defendant filed an untimely response (Docket Entry No. 220). Because defendant did not obtain leave of court to file a late response, the response is not properly before this Court.[1]

Having considered the motion, the motion to dismiss, the record, and the applicable law, the Court GRANTS the Government's motion and DENIES defendant's section 2255 motion for the reasons shown below.

*Background and Claims*

On May 4, 2017, defendant pleaded guilty pursuant to a written plea agreement to two counts of aiding and abetting Hobbs Act robbery in violation of 18 U.S.C. §§ 1951(a) and 2, and one count of discharging a firearm during a crime of violence (namely the Hobbs Act robbery) in violation of 18 U.S.C. §§ 924(c) and 2. The Court sentenced him to 170

---

[1] In the interest of justice, the Court has reviewed defendant's untimely response and finds that it would not preclude the granting of the Government's motion to dismiss.

months' imprisonment on December 6, 2017, followed by three years of supervised release. Judgment of conviction was imposed on December 6, 2017, and entered on December 18, 2017. No appeal was taken.

Defendant filed the instant section 2255 motion no earlier than September 26, 2019, challenging his sentence under *United States v. Davis*, ___U.S.____, 139 S. Ct. 2319 (June 24, 2019). The Government correctly argues in its motion that section 2255 relief should be denied because *Davis* has no application to defendant's convictions and sentences.

### *Legal Standards*

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to section 2255:  (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure, and cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

The pleadings of a *pro se* prisoner litigant are reviewed under a less stringent standard than those drafted by an attorney, and are provided a liberal construction. *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, a *pro se* litigant is still required to provide sufficient facts to support his claims, and "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Accordingly, "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertion on a critical issue in his *pro se* petition . . . to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

### *Analysis*

Defendant was convicted of discharging a firearm during a crime of violence (namely the Hobbs Act robbery) in violation of 18 U.S.C. §§ 924(c) and 2. Section 924(c) makes it a crime to use or carry a firearm during and in relation to, or to possess a firearm in furtherance of, a "crime of violence." Section 924(c)(1)(A). A federal felony offense is a "crime of violence" under 924(c)(3)(A) if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." A felony offense may also be a "crime of violence" under the residual clause of section 924(c)(3)(B) if it "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

In *Davis*, the Supreme Court held the definition of a "crime of violence" in the residual cause of 18 U.S.C. § 924(c)(3)(B) as unconstitutionally vague. Defendant in the instant case, however, was convicted for a "crime of violence" under the elements clause

of section 924(c)(3)(A), not the residual clause of section 924(c)(3)(B). The qualifying "crime of violence" for defendant's convictions was Hobbs Act robbery, which the Fifth Circuit holds is a "crime of violence" under the elements clause of section 924(c)(3)(A). *See*, *e.g.*, *United States v. Bowens*, 907 F.3d 347, 353 (5th Cir. 2018); *United States v. Buck*, 847 F.3d 267, 274–75 (5th Cir. 2017).

Because defendant's convictions involved a "crime of violence" under the elements clause of section 924(c)(3)(A) and not the residual clause, *Davis* does not apply. Defendant's section 2255 motion is without merit.

## *Conclusion*

The Government's motion to dismiss (Docket Entry No. 213) is GRANTED and defendant's section 2255 motion (Docket Entry No. 204) is DENIED. A certificate of appealability is DENIED. The ancillary civil case, C.A. No. H-19-3904 (S.D. Tex.), is ORDERED ADMINISTRATIVELY CLOSED.

Signed at Houston, Texas, on November 25, 2020.

Gray H. Miller
Senior United States District Judge